UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAMUKA LANCHAVA, NINO MIHEL, and SALOME LILUASHVILI,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>ISIDORE KOKOU AKO and AIK AND SONS LLC,<br><br>　　　　　　　Defendants. | **ORDER**<br>24-CV-06053 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

　　　　This case was removed from Kings County Supreme Court on August 29, 2024.  ECF No. 1 (Notice of Removal).  Pursuant to the Court's August 29, 2024, Order, Plaintiffs and Defendants both filed letters addressing the propriety of removal.  ECF No. 7 (Plaintiffs' Letter); ECF No. 8 (Defendants' Letter); ECF No. 9 (Plaintiffs' Second Letter).  Upon review of those letters, I ordered the parties to provide me with further information to determine whether removal was proper in this case.  ECF No. 10 (September 30, 2024, Order).  Pending before me are the parties' responses to that Order.  *See* ECF No. 13 (Plaintiffs' Response); ECF No. 14 (Defendants' Response).  For the reasons set forth below, I find that Plaintiffs have not met their burden of proving Plaintiff Lanchava changed domiciles during the pending of this case and therefore the case will proceed in federal court.

　　　　As discussed in the Court's September 30, 2024, Order, the parties do not dispute that the only source of federal subject matter jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332.  *See* ECF Nos. 7, 8, 9.  Instead, the parties dispute whether complete diversity exists between all Plaintiffs and all Defendants.

When the case was filed by Plaintiffs, the Complaint alleged that Plaintiffs were citizens of New York and New Jersey. *See* ECF No. 1-1 at 1 (Complaint). Defendants then removed the case based on diversity jurisdiction because the amount in controversy exceeded $75,000 and Defendants were citizens of Pennsylvania. *See* ECF No. 1; ECF No. 3 (Corporate Disclosure Statement). In Plaintiffs' initial submission addressing removal, Plaintiffs argued that Plaintiff Lanchava recently moved to Pennsylvania, and therefore diversity did not exist between the parties because not all Plaintiffs are diverse from all Defendants. ECF No. 7. In support of their argument, Plaintiffs attached Plaintiff Lanchava's Pennsylvania driver's license, which was issued on July 26, 2024, after the case was filed in state court (February 1, 2024), but before the case was removed to federal court (August 29, 2024). ECF No. 7-1.

As I explained in the September 30, 2024, Order, complete diversity requires the parties to be completely diverse in their citizenships "both at the time of removal and at the time the state court complaint was filed." *Cotto v. Federal Nat'l Mortgage Ass'n*, No. 20-cv-6487, 2021 WL 4340668, at *2 (S.D.N.Y. Sept. 22, 2021). Initially, the burden is on the party invoking diversity jurisdiction to prove "grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns*, 251 F.3d 315, 322–23 (2d Cir. 2001). Once that burden has been satisfied, if a party then alleges a change in domicile, that party then has the burden of proving the party was domiciled at the new location at the time they filed their suit and at the time of removal. *See Herrick*, 251 F.3d at 324; *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).

I already found that Defendants met their initial burden of showing grounds for diversity existed because Plaintiffs alleged Plaintiff Lanchava was a citizen of New Jersey when their case was filed, and that was the information Defendants had when they removed the case. *See* ECF No. 1-1 ¶ 1; ECF No. 7; ECF No. 10. I therefore directed Plaintiffs to "to submit any additional

2

information, to the extent that it exists, indicating whether Plaintiff Lanchava was a citizen of Pennsylvania when the case was initially filed and when the case was removed to federal court." ECF No. 10 at 3.  In response, Plaintiffs assert that "[a]t the time this matter was removed to Federal Court on August 29, 2024 Plaintiff Mamuka Lanchava was a resident of the state of Pennsylvania." ECF No. 13 at 1.  Plaintiffs contend that Plaintiff Lanchava's driver's license "sufficiently establishes that Mamuka Lanchava is a resident of Pennsylvania." *Id.*

As I stated in the September 30, 2024, Order, residence alone is insufficient to establish domicile for the purpose of determining diversity jurisdiction.  ECF No. 10 at 2 (citing *see Van Buskirk*, 935 F.3d at 54).  I provided Plaintiffs with examples of additional information they could submit to satisfy the "fact-intensive inquiry" of establishing domicile.  *See* ECF No. 10 at 2 ("the individual's current residence, voting registration, driver's license and automobile registration, location of brokerage and bank accounts, membership in fraternal organizations, churches, and other associations, places of employment or business, and payment of taxes") (quoting *Neuman v. Machne of Richmond*, No. 21-cv-6386, 2022 WL 1591056, at *2 (E.D.N.Y. May 19, 2022)).  Nevertheless, Plaintiffs have provided the Court with no further information to establish that Plaintiff Lanchava's domicile is Pennsylvania.  Accordingly, I find that Plaintiffs have not satisfied their burden of showing Plaintiff Lanchava changed domicile during the

pendency of this case and the case shall proceed in federal court. *Cf. Neuman*, 2022 WL 1591056, at *4 ("While defendant resides in New Jersey at the present moment, his intent to stay in New Jersey long-term is speculative at best. This is insufficient to overcome the presumption favoring his former domicile: New York.").

SO ORDERED.

                                               */s/ Hector Gonzalez*
                                               HECTOR GONZALEZ
                                               United States District Judge

Dated: Brooklyn, New York
       October 16, 2024